UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RODERICK D. MCGEE, | ) | |
|     Plaintiff, | ) | 1:12-cv-260 |
| | ) | |
| v. | ) | |
| | ) | Collier/Carter |
| OFFICER WILLIAMS MCMILLIAN AND | ) | |
| OFFICER JAMES AVERY | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

Roderick D. McGee, acting *pro se*, moves to amend his complaint [Doc. 47]. In his current complaint, plaintiff alleges he was subjected to excessive force on September 12, 2012 by certain known and unknown officers who, among other things, improperly used ammonia capsules on him. In his proposed amended complaint, he identifies Hamilton County Sheriff's Deputy Ryan Epperson as an individual who used the ammonia capsules on him. *See* Proposed Amended Complaint at p. 2, ¶4. Plaintiff also lists Sergeant Chris Haney as a defendant but offers no alleged facts as to what Haney did or did not do.

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be freely given when justice so requires. In the instant case, there is no deadline for amendment of the pleadings. Discovery does not close until January 31, 2014, and the dispositive motion deadline is March 21, 2014. There has been no opposition filed to the motion to amend.

Since the plaintiff has not set forth in his proposed amendment the conduct for which he wishes to add Haney as a defendant, it is RECOMMENDED that, to the extent plaintiff seeks to amend his complaint to add Sgt. Haney as a defendant, the motion be DENIED as futile.[1]

---

[1] Because the undersigned finds that the plaintiff's proposed amendment to add Sgt. Haney should be denied as futile, I am submitting this opinion in the form of a report and

On the other hand, it is RECOMMENDED that, to the extent plaintiff seeks to add Hamilton County Sheriff's Deputy Ryan Epperson as a defendant who allegedly used excessive force on him by applying ammonia capsules to plaintiff on September 12, 2012, it is RECOMMENDED plaintiff's motion be GRANTED. It is further RECOMMENDED that except for the name, "Sergeant Chris Haney," plaintiff's proposed amended complaint [Doc. 44] be incorporated by reference into the plaintiff's current amended complaint [Doc. 5].

It is also RECOMMENDED[2] the United States Marshal be DIRECTED to serve Deputy Ryan Epperson with process upon receipt of a service packet from the plaintiff.

SO ORDERED.

ENTER.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

recommendation. I do so because, absent consent of the parties, a magistrate judge is not authorized to make final decisions dispositive of a claim or defense of a party. *See* Fed. R. Civ. P. 72, 28 U.S.C. § 636(b); *HCC, Inc. v. RH & M Machine Co.*, 39 F.Supp. 2d 317 (D.C.N.Y. 1999) (magistrate judge's recommendation that defendant's motion for leave to amend a pleading be denied as futile would be reviewed *de novo* because denial of leave to amend was dispositive).

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).